UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERRI LYNN WILLINGHAM,

    Plaintiff,

v.                                                                    Case No.:   2:23-cv-1184-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Sherri Lynn Willingham requests a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 21.)[1] The Commissioner does not object to the relief sought. (*Id.* at 4.) The Court thus grants the motion.

Earlier in this case, the Court entered an order (Doc. 18) reversing and remanding the Commissioner's decision. Thus, under EAJA, Plaintiff moves for an award of $9,993.50 in attorney's fees.

For Plaintiff to receive a fee and cost award under EAJA, these five conditions must be met: (1) she must file a timely application for attorney's fees; (2) her net worth must have been less than $2 million dollars when the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

complaint was filed; (3) she must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds these conditions satisfied.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After reviewing the services provided, the Court finds the hours expended by the attorney who worked on this case reasonable. (Doc. 21-1 at 17-19.)

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate. Then, if it exceeds $125.00, the Court determines whether to adjust it. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly

complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). For her counsel, Plaintiff requests an hourly rate of $245.00 for 2023 and $250.00 for 2024. (Doc. 21-1 at 17-18.) After review, and considering the rate is uncontested, the Court finds this reasonable too.

Plaintiff also filed an attorney's fees contract. (Doc. 21-2.) It provides: "I hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney. I also give my attorney a Power of Attorney to sign any EAJA Fee check made out in my name." (*Id.*) But Plaintiff acknowledges that after awarding EAJA fees, the Commissioner will determine whether she owes a federal debt to the Government. If no debt is owed, the Government will accept Plaintiff's assignment, and the fees will be paid directly to counsel. (Doc. 21 at 3.) Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

It is thus **ORDERED**:

Plaintiff's Unopposed Motion for EAJA Fees (Doc. 21) is **GRANTED**, and the Court awards Plaintiff $9,993.50 in attorney's fees. This award will be paid directly to Plaintiff's counsel if the United States determines that no federal debt is owed by Plaintiff.

**ENTERED** in Fort Myers, Florida on July 18, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record